IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOVION PHARMACEUTICALS, INC., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : C.A. No. 12-993-LPS <br> : |
| ACTAVIS, INC. (F/K/A WATSON PHARMACEUTICALS, INC.) | : <br> : <br> : |
| Defendants. | : <br> : <br> : |

## MEMORANDUM ORDER

At Wilmington, this 3rd day of June, 2014:

Pending before the Court is Defendant Actavis' Motion for Reconsideration of the Court's Claim Construction Order. (D.I. 191) By its motion, Defendant asks the Court to reconsider its construction of the term "levalbuterol" provided in its March 21, 2014 Memorandum Opinion. (D.I. 184, 185) IT IS HEREBY ORDERED that Defendant's motion is DENIED.

### I.   LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp.2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the

1

adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp.2d at 295.

## II. DISCUSSION

Following briefing and a claim construction hearing, the Court construed the term "levalbuterol" as "substantially optically pure levalbuterol." (D.I. 184 at 4) Actavis argues that the Court made three errors in adopting this construction. First, quoting from both its opening and responsive claim construction briefs, Actavis contends that the Court declined to accept Actavis' statement of its position and faults an "incorrect framing of the issue." (D.I. 121 at 2) Second, Actavis reprises a discussion of the prosecution history, repeating an argument contained in its responsive claim construction brief. (*Compare* D.I. 191 at 4 *with* D.I. 159 at 9)

Finally, Actavis repeats its contention, first offered in its opening claim construction brief, that the scope of the claims is being impermissibly limited by an embodiment of the invention. (*Compare* D.I. 191 at 6-7 *with* D.I. 152 at 6)

As noted above, a motion for reconsideration will not be granted to "accomplish repetition of arguments that were . . . presented to the court previously." *Karr,* 768 F. Supp. at 1093. Defendant's motion largely runs afoul of this prohibition. Moreover, Defendant's motion does not demonstrate any of the grounds on which the Court will grant reconsideration. Accordingly, Defendant's motion (D.I. 191) is DENIED.

_____
UNITED STATES DISTRICT JUDGE