IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUNOVION PHARMACEUTICALS, INC.,

    Plaintiff,

v.       C.A. No. 12-993-LPS

ACTAVIS, INC. (F/K/A WATSON PHARMACEUTICALS, INC.)

UNSEALED ON OCTOBER 16, 2014

    Defendants.

## MEMORANDUM ORDER

At Wilmington this 9th day of October, 2014, having reviewed the parties' proposed pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 221, 222, 223),

**IT IS HEREBY ORDERED** that:

1. Defendant Actavis's MIL 1 is **DENIED**. Actavis seeks to preclude Plaintiff, Sunovion, from presenting evidence or argument that the claims of the patent-in-suit (the "'310 patent") require levalbuterol L-tartrate in 96% enantiomeric excess ("ee") or greater (or any other specific percentage optical purity), based on what Actavis characterizes as Sunovion's inconsistent positions between claim construction and trial and contradictory testimony by Sunovion's expert. Based on the record before it, the Court is not persuaded that Sunovion has been inconsistent or that its expert has contradicted himself. More importantly, Actavis has failed to show that the position Sunovion evidently intends to pursue at trial conflicts with the position it advocated (successfully) during claim construction.

1

During claim construction, the Court adopted Sunovion's proposal and construed the term "levalbuterol" to mean "substantially optically pure levalbuterol." (D.I. 185) As Sunovion explains now, it "is merely seeking to demonstrate that although a POSA [person of ordinary skill in the art] already knew what 'substantially optically pure' meant, the '310 patent also provides ample guidance for measuring this term of degree." (D.I. 223 Ex. 20 at 3) Among such guidance available to a POSA was the '745 patent – which is referenced in the '310 patent, describes a specific purity level as "substantially pure" optically (96% ee or greater) (D.I. 223 Ex. 20 Ex. D col. 4), and was relied on by the Court as intrinsic evidence supporting its construction of "levalbuterol" (D.I. 184 at 5).

At trial, Actavis may be able to show that Sunovion's expert's deposition testimony that 93% ee does not infringe the asserted claims of the '310 patent contradicts the opinion expressed in his report that "the '310 patent does not specify a particular optical purity lower limit." (D.I. 223 Ex. 19 at 2; D.I. 223 Ex. 20 Ex. E ¶ 90) However, this is not the singular conclusion compelled by the record, for reasons including the ambiguity as to what the expert meant in his report by "specify;" the expert's further statements in his report that a "POSA would understand in the context of the medical application [of the '310 patent] that substantial means relatively high purity" and a POSA would have "reasonable certainty regarding the scope of substantially optically pure" (*id.*); and the absence of any statement in the report that any levalbuterol, even at 93% ee optical purity level or lower, would infringe the claims of the '310 patent.

While Sunovion's witnesses, Drs. Roberts and Wallis, appear now to hold the opinion that "substantially optically pure" as used in the '310 patent means "at least 96% ee," and appear to admit that they did not disclose this opinion in their expert reports, the Court cannot conclude

2

based on the pretrial record that such an opinion is inconsistent with the Court's claim construction. Moreover, whether a 96% ee limitation "was not well known" to persons of ordinary skill in the art, as Actavis insists (D.I. 223 Ex. 21 at 1), appears to be disputed, and is an issue on which the Court anticipates it will hear evidence and argument at trial.

Finally, for the reasons already given, Actavis's estoppel arguments and request for exclusion of evidence pursuant to Fed. R. Evid. 403 also lack merit.

2. Actavis's MIL 2 is **DENIED**. Actavis seeks to preclude Sunovion's expert witnesses from testifying to factual matters related to confidential development programs in which they were involved, on the grounds that the factual basis for this testimony was not disclosed in expert reports and only came up in response to Actavis's questioning of the experts at deposition. To the extent there was a "failure" to disclose this factual information in the expert reports, it is, under the circumstances, both substantially justified and largely harmless to Actavis. The factual matter Actavis seeks to exclude appears largely to be background information as to the experts' personal experiences of difficulty making salts, even when an acid and base are reacted. These experiences are at least arguably consistent with the prior art and provide helpful context for Sunovion's experts' opinions. Actavis does not object to general testimony based on witnesses' experiences, and Actavis does not deny that it intends to elicit similar factual testimony from its own experts about how their experiences support their opinions.

Contrary to Actavis's suggestion that it cannot effectively cross-examine the witnesses – due to failures of memory and limitations arising from confidentiality obligations – it appears that Actavis will be able to effectively cross-examine the witnesses about their experiences *(see,*

3

*e.g.*, Actavis's arguments regarding publicly-available information purportedly discrediting Dr. Anderson's recollections (D.I. 223 Ex. 22 at 2)). Actavis can also present competing evidence (if it has it) from its witnesses. At bottom, Actavis's concerns go to the weight to be given to the experts' testimony about their experiences, not the admissibility of that testimony. Additionally, the Rule 403 balance does not favor exclusion of Sunovion's evidence.

3. The Court will hear argument on Sunovion's MILs 1, 2, and 3 at the pretrial conference scheduled for tomorrow. The parties should also be prepared to address any other disputed matters identified in the proposed pretrial order.

4. Because this Order is filed under seal, the parties shall submit a proposed redacted version no later than **October 14, 2014**, and thereafter the Court will issue a public version of this Order.

UNITED STATES DISTRICT JUDGE